**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALAN GINET,**<br>**Plaintiff** | : | CA 07 432 ML |
| **v.** | : | **C.A. No. 07-** |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,**<br>**Defendant** | : | |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against Defendant seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful discrimination and retaliation in employment the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215, et seq., the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1140, and the Rhode Island Whistleblowers' Protection Act ("Act"), §28-50-1, et seq.

### II. Parties

1. The Plaintiff, at all relevant times herein, resided in the City of East Providence, County of Providence, State of Rhode Island.

2. Defendant is a corporation duly organized and incorporated pursuant to the laws of the State of Delaware, maintains a principal place of business in Moon Township, Pennsylvania, and is authorized to conduct business in the State of Rhode Island.

## III. Jurisdiction

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367 and 29 U.S.C. §216(b).

## IV. Venue

4. Venue is proper in this Court insofar as the Defendant is doing business and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

5. In or about June, 2004, through placement by a temporary staffing agency, the Plaintiff began working for Defendant FedEx as a full-time delivery driver. The Plaintiff worked at both Defendant's Warwick, Rhode Island terminal ("Warwick terminal") and Fall River, Massachusetts terminal ("Fall River terminal").

6. In September 2004, Mr. Ginet was formally hired by Defendant.

7. In or about May, 2005, the Plaintiff filed a class action lawsuit against Defendant FedEx in this Court (Raymond Tierney, et al. v. FedEx Ground Package Systems, Inc., C.A. No.: 05-220S).

8. The class action complaint alleged, *inter alia*, violations of the ERISA and the FLSA.

9. In or about December, 2005 through in or about January, 2006, Defendant compelled FedEx drivers, including the Plaintiff, to work an excessive amount of hours/days, which, on information and belief, was in violation of U.S. Department of Transportation ("DOT"), Federal Motor Carrier Safety Administration ("FMCSA") regulations.

10. At that time, the Plaintiff complained to Sammy Zonfrillo ("Zonfrillo"), the Senior Manager of the Warwick terminal and Jeff LaRoche ("LaRoche"), the Fall River terminal manager.

11. In response, Zonfrillo stated to the Plaintiff and other drivers that Defendant had a waiver from the DOT relative to such FMCSA regulations.

12. In the summer of 2006, the Plaintiff spoke with a representative of the DOT and inquired as to whether Defendant had such a waiver.

13. The DOT denied that Defendant had a waiver of compliance with the FMCSA regulations and informed the Plaintiff that no such waivers exist.

14. In December, 2006, while working at the Fall River terminal, the Plaintiff spoke with LaRoche about whether Defendant would be compelling its drivers to work longer hours/days than permitted by the DOT during the holiday season.

15. LaRoche responded that Defendant had a waiver from the DOT.

16. The Plaintiff then informed LaRoche that he had spoken with the DOT and was informed that such waivers do not exist.

17. In February, 2007 and March, 2007, the Plaintiff also spoke with David Dorrette ("Dorrette"), Defendant's New England Regional Director of Contractor Relations, about the alleged FMCSA waiver.

18. On or about March 5, 2007, Mr. Ginet met with a representative of the DOT and advised the DOT representative of Defendant's regulatory noncompliance.

19. In March, 2007, the Plaintiff was constructively discharged from his employment with Defendant.

20. As a result of Plaintiff's participation in the class action lawsuit against Defendant FedEx and for complaining about Defendant's violation of DOT regulations as described above,

Defendant's employees and/or agents subjected the Plaintiff to repeated incidents of discrimination and retaliatory conduct.

21. Defendant's unlawful discriminatory actions and/or omissions are in violation of the ERISA, the FLSA, and the RIWPA, and were motivated by malice and ill will toward the Plaintiff, and the Defendant's actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

22. As a proximate result of Defendant's discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, expenses for legal services, and other great harm.

## VI. Claims for Relief

23. Plaintiff incorporates the allegations contained in ¶¶1 through 22 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §215, et seq.

24. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by discriminating against and constructively discharging the Plaintiff from employment, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to the FLSA.

### Count Two
### Violation of ERISA, 29 U.S.C.A §1140

25. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the ERISA by discriminating against and constructively discharging the Plaintiff from employment, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to the ERISA.

**Count Three**
**Violation of RIWPA—R.I.G.L. §28-50-1, *et seq.***

26. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIWPA insofar as the Defendant discriminated and retaliated against the Plaintiff for reporting violations of DOT regulations at FedEx to the DOT and employees and/or agents of Defendant.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiff pray that this Honorable Court grant the following relief:

1. A declaratory judgment that the Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the FLSA, the ERISA, and the RIWPA.

2. Enjoining and permanently restraining the Defendant from violating the FLSA, the ERISA, and the RIWPA.

3. Award Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

4. Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

5. An award of liquidated damages pursuant to 29 U.S.C. §216(b).

6. Award Plaintiff punitive damages.

7. Award Plaintiff reasonable attorney's fees and costs of litigation.

8. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Michael D. Pushee, Esquire, as trial counsel.

PLAINTIFF,
By his attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9690
Facsimile: (401) 943-9040