UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN GINET,<br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-432 ML |

**ANSWER**

Defendant FedEx Ground Package System, Inc. ("Defendant") responds to the allegations set forth in the Complaint as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2-4. Defendant admits the allegations set forth in paragraphs 2, 3, and 4 of the Complaint.

5. Defendant denies the allegations set forth in the first sentence of paragraph 6 of the Complaint, and admits the allegations set forth in the second sentence of paragraph 6 of the Complaint.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7-8. Defendant admits the allegations set forth in paragraphs 7 and 8 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10-11. Defendant denies the allegations set forth in paragraphs 10 and 11 of the Complaint.

12-13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 12 and 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint except admits that plaintiff spoke with Jeff LaRoche regarding the holiday season schedule for drivers.

15. Defendant admits the allegation set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegation set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegation set forth in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 18 of the Complaint.

19-22. Defendant denies the allegations set forth in paragraphs 19, 20, 21, and 22 of the Complaint.

23. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24-26. Defendant denies the allegations set forth in paragraphs 24, 25, and 26 of the Complaint.

First Defense

The Complaint fails to set forth a claim upon which relief may be granted.

Second Defense

Plaintiff was not the subject of any adverse employment action.

Third Defense

Defendant acted at all times in good faith with respect to plaintiff.

Fourth Defense

Plaintiff voluntarily severed his relationship with defendant.

Fifth Defense

Plaintiff lacks standing to pursue his claim under 29 U.S.C. §1140.

Sixth Defense

The complaint is barred, in whole or in part, by the applicable limitations periods.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Tenth Defense

Plaintiff's claims are barred because Plaintiff was an independent contractor, and not an employee, of Defendant.

Eleventh Defense

Plaintiff's claims are barred in whole or in part because Plaintiff entered into an express contract with Defendant.

FEDEX GROUND PACKAGE SYSTEM, INC.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara__________

Neal J. McNamara (#4249)
Jillian Folger-Hartwell (#6970)
One Citizens Plaza – Suite 500
Providence, RI 02903
Tel. (401) 454-1019
Fax. (401) 454-1030
Email: nmcnamara@nixonpeabody.com

Dated: February 14, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14th, 2008, a copy of the within Answer was filed electronically and served electronically by operation of the Court's CM/ECF System upon V. Edward Formisano, Esq., and to Michael Pushee, Esq. at Sinapi Formisano, 100 Midway Place, Suite 1, Cranston RI 02920. Hard copies of the Answer will be made available upon request.

/s/ Neal J. McNamara