**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALAN GINET,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-432ML** |
| | : | |
| **FEDEX GROUND PACKAGE** | : | |
| **SYSTEM, INC.,** | : | |
| **Defendant** | : | |

**PLAINTIFF'S RULE 16 CONFERENCE STATEMENT**

## I. Introduction

Now comes the Plaintiff and hereby submits the within Rule 16 Statement as required pursuant to this Court's Pretrial Conference Notice dated April 25, 2008. The Plaintiff reserves the right to modify, amend and/or augment the within statement at any time during the course of these proceedings.

## II. Facts of Case

In or about June, 2004, through placement by a temporary staffing agency, the Plaintiff began working for Defendant as a full-time delivery driver. The Plaintiff worked at both Defendant's Warwick, Rhode Island terminal ("Warwick terminal") and Fall River, Massachusetts terminal ("Fall River terminal"). In September 2004, the Plaintiff was formally hired by Defendant.

Fair Labor Standards Act and the Employee Retirement
Income Security Act of 1974 Claims

In or about May, 2005, the Plaintiff filed a class action lawsuit against the Defendant in this Court (Raymond Tierney, et al. v. FedEx Ground Package Systems, Inc., C.A. No.: 05-220S). The class action complaint alleged, inter alia, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215, et seq. and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1140. As a result of the Plaintiff's participation in the class action

lawsuit against the Defendant, the Plaintiff was subjected to repeated incidents of discrimination and retaliatory conduct by employees and/or agents of Defendant, including being constructively discharged from his employment in or about March, 2007.

Rhode Island Whistleblowers' Protection Act Claims

In or about December, 2005 through in or about January, 2006, Defendant compelled FedEx drivers, including the Plaintiff, to work an excessive amount of hours/days, which, on information and belief, was in violation of U.S. Department of Transportation ("DOT"), Federal Motor Carrier Safety Administration ("FMCSA") regulations. At that time, the Plaintiff complained to Sammy Zonfrillo ("Zonfrillo"), the Senior Manager of the Warwick terminal and Jeff LaRoche ("LaRoche"), the Fall River terminal manager. In response, Zonfrillo stated to the Plaintiff and other drivers that Defendant had a waiver from the DOT relative to such FMCSA regulations. In the summer of 2006, the Plaintiff spoke with a representative of the DOT and inquired as to whether Defendant had such a waiver. The DOT denied that Defendant had a waiver of compliance concerning the FMCSA regulations and informed the Plaintiff that no such waivers exist. In December, 2006, while working at the Fall River terminal, the Plaintiff spoke with LaRoche about whether Defendant would be compelling its drivers to work longer hours/days than permitted by the DOT during the holiday season. LaRoche responded that Defendant had a waiver from the DOT. The Plaintiff then informed LaRoche that he had spoken with the DOT and was informed that such waivers did not exist. In February, 2007 and March, 2007, the Plaintiff also spoke with David Dorrette ("Dorrette"), Defendant's New England Regional Director of Contractor Relations, about the alleged FMCSA waiver. On or about March 5, 2007, Mr. Ginet met with a representative of the DOT and advised the DOT representative of Defendant's regulatory noncompliance.

As a result of the Plaintiff's complaints about Defendant's violation of DOT regulations as described above, Defendant's employees and/or agents subjected the Plaintiff to repeated incidents of discrimination and retaliatory conduct, including constructively discharging the Plaintiff from his employment.

## III. Legal Issues

A. Whether the acts and/or omissions of the Defendant were in violation of the FLSA, ERISA and/or the Rhode Island Whistleblowers' Protection Act ("RIWPA"), §28-50-1, et seq.?

B. Whether the Plaintiff sustained damages as a result of the Defendant's violation of the FLSA, ERISA, and/or RIWPA?

Plaintiff,
By his Attorneys,
Sinapi, Formisano & Co., Ltd.,

/s/ Michael D. Pushee

V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690
(401)943-9040 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 14th day of May, 2008 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee